IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV88-01-MU

TERRANCE L. JAMES, )
 )
    Plaintiff, )
 )
v. )
 ) **O R D E R**
W.A. HUSKINS, )
 )
    Defendant. )
_____)

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss, filed August 13, 2004; Plaintiff's Motion in Limine, filed September 13, 2004; Plaintiff's Motion to Amend, filed December 9, 2004; and Plaintiff's Motion for Summary Judgment, filed March 21, 2005.

In his Complaint Plaintiff alleges that on April 19, 2004, Defendant Huskins, a corrections officer, used excessive force against him. More specifically, Plaintiff alleges that while he was arguing with Defendant Huskins, Defendant Huskins grabbed him by both facial cheeks and referred to him as "sweet cheeks." Plaintiff states that in reaction to Defendant Huskins actions he, the Plaintiff, spit in Defendant Huskin's face. Plaintiff contends that in reaction Defendant Huskins hit him once across the side of his face. Plaintiff additionally alleges that he was hosed down and maced. In addition to his excessive force claim, Plaintiff also asserts a state law claim of assault and battery.

In response, Defendant Huskin has filed a Motion to Dismiss arguing that Plaintiff has failed to state a constitutional violation. This Court agrees. Even assuming Plaintiff's version of the events

to be true, the facts simply do not support a constitutional claim of excessive force.

In order to state an excessive force claim,[1] a Plaintiff must establish that he received more than a *de minimus* injury. Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997)(en banc)(relying upon Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861 (1979)); Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998)(en banc). The *de minimus* requirement reflects the reality of the custodial setting which indicates that "[t]he Eighth and Fourteenth Amendments . . . establish only qualified standards of protection for prisoners and pretrial detainees against 'cruel and unusual punishment' and against 'excessive force that amounts to punishment." Riley, 115 F.3d at 1167. For this same reason, the Fourth Circuit has noted that "inherent in the Eighth and Fourteenth Amendments is the principle that not every malevolent touch by a prison guard gives to rise to a federal cause of action. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoners constitutional rights." Riley, 115 F.3d at 1167.

Plaintiff does not specify any precise injury that he suffered as a result of Defendant Huskin's alleged conduct. Nor does Plaintiff state that his alleged injuries required any medical attention. Moreover, even taking the description of the event as described by Plaintiff to be true, the Court finds it difficult to imagine that such conduct would result in anything more than a *de minimus* injury. Consequently, Plaintiff's claim fails as a matter of law. See Riley, 115 F.3d at 1167-68 (plaintiff's claim failed as a matter of law despite allegations that he suffered pain from cuffs, pain and welt from slap, fear for life and safety as well as nightmares and depression where despite a large volume of complaints there was no mention of injury related to incident); Taylor, 155 F.3d at 483-86

---

[1] It appears to the Court that Plaintiff was a convict at the time of the alleged incident and therefore his excessive force claim is governed by the Eighth Amendment.

(plaintiff's claim failed as a matter of law despite allegations that police hit him in the back, punched his ribs, placed knee in lower part of his back, while grabbing his head and pulling it backward until his back popped and shoved a wooden object into his nose with such force that his nose hemorrhaged where his medical records showed Plaintiff was only treated for abrasions on his wrists and ankles, slight swelling in jaw area, tenderness in some ribs and some excoriation of mouth and therefore did not substantiate plaintiff's claims of injury).

In his Complaint, Plaintiff also asserts an assault and battery claim pursuant to state law. This Court declines to extend supplemental jurisdiction to Plaintiff's state law claim and, as such, it too is dismissed.

Plaintiff has also filed a Motion in Limine requesting that his criminal record and prison disciplinary record be barred from this proceeding; a Motion for Summary Judgment, and a Motion to Amend the damages asked for in his Complaint. Each of these motions is mooted by the granting of Defendant's Motion to Dismiss and as such they are denied.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Defendant's Motion to Dismiss is **GRANTED**;

2. Plaintiff's Complaint is **DISMISSED**;

3. Plaintiff's Motion in Limine is **DENIED**;

4. Plaintiff's Motion for Summary Judgment is **DENIED**; and

5. Plaintiff's Motion to Amend is **DENIED**.

**Signed: June 13, 2005**

Graham C. Mullen
Chief United States District Judge